Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Don Colleluori
Texas Bar No. 04581950
don.colleluori@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile:  (214) 939-2090

**COUNSEL FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § § § | CHAPTER 7 |
| GLOBAL MOLECULAR LABS, LLC, | § § § | |
| *Debtor.* | § § § | |
| | § § | |
| JAMES W. CUNNINGHAM, CHAPTER 7 TRUSTEE FOR GLOBAL MOLECULAR LABS, LLC, | § § § § | CASE NO.  17-34618-HDH7 (Jointly Administered) |
| *Plaintiff*, vs. | § § § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISON OF HEALTH CARE SERVICE CORPORATION, | § § § § | ADVERSARY NO. 19-3159-HDH |
| *Defendant.* | § § § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendant Blue Cross and Blue Shield of Texas, a division of Health Care Service Corporation ("BCBSTX") files this Answer to the First Amended Complaint filed by Plaintiff James W. Cunningham, Chapter 7 Trustee for Global Molecular Labs, LLC ("Plaintiff") and states:

## ANSWER

1. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph no. 1.

2. With respect to the allegations contained in Paragraph no. 2, denies BCBSTX is a separate corporation or legal entity of Health Care Service Corporation and that its principal place of business is in Austin, Texas; and admits the remaining allegations contained therein.

3. Admits, based on information and belief, the allegations contained in in Paragraph no. 3.

4. Admits, based on information and belief, the allegations contained in Paragraph no. 4, subject to its immunity and other defenses.

5. With respect to the allegations contained in Paragraph no. 5, admits venue is proper in the Northern District of Texas; and denies the remaining allegations contained therein.

6. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph no. 6.

7. With respect to the allegations contained in Paragraph no. 7, admits BCBSTX is a division of Health Care Service Corporation, a mutual legal reserve

company, and provides a full range of managed care programs and insurance plans for employer groups and individuals and insures and/or administers ERISA governed plans; states such plans and programs speak for themselves; denies BCBSTX is the source of payment of benefits for plans that it administers but does not insure; and denies the remaining allegations contained therein.

8. Admits, based on information and belief, the allegations contained in Paragraph no. 8, and states the plans and policies speak for themselves.

9. With respect to the allegations contained in Paragraph no. 9, states the underlying plans speak for themselves and would set forth the reimbursement or payment methodology, if any, for out-of-network providers; and denies the remaining allegations contained therein.

10. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph no. 10.

11. With respect to the allegations contained in Paragraph no. 11, denies further benefits are owing to Plaintiff; and without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

12. Denies the allegations contained in Paragraph no. 12, and states Plaintiff's claims were subject to review and record requests, but Plaintiff failed and/or refused to provide requested documentation to support reimbursement for the charges billed.

13. Denies the allegations contained in Paragraph no. 13.

14. Denies the allegations contained in Paragraph no. 14.

15. Denies the allegations contained in Paragraph no. 15.

16. With respect to the allegations contained in Paragraph no. 16, states the underlying plans speak for themselves and would set forth the reimbursement or payment methodology, if any, for claims for covered services from out-of-network providers; and denies the remaining allegations contained therein.

17. Denies the allegations contained in Paragraph no. 17.

18. Denies the allegations contained in Paragraph no. 18.

19. Denies the allegations contained in Paragraph no. 19.

20. With respect to the allegations contained in Paragraph no. 20, states this claim has been dismissed by Order dated July 28, 2020 [Doc 41], and otherwise denies the allegations contained therein.

21. With respect to the allegations contained in Paragraph no. 21, states this claim has been dismissed by Order dated July 28, 2020 [Doc 41], and otherwise denies the allegations contained therein.

22. Denies the allegations contained in Paragraph no. 22.

23. Denies the allegations contained in Paragraph no. 23.

24. Denies the allegations contained in Paragraph no. 24.

25. Denies the allegations contained in Paragraph no. 25, and denies Plaintiff is entitled to a jury trial.

26. Denies that Plaintiff is entitled to the relief requested in his prayer or in any portion of the First Amended Complaint.

27. Denies any and all allegations not specifically admitted.

28. Pursuant to FED. R. BANKR. P. 7012(b), BCBSTX does not consent to entry of final orders or judgments by the bankruptcy court.

## AFFIRMATIVE DEFENSES

29. Plaintiff's claims are preempted and barred, in whole or in part, by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA") or other federal law.

30. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

31. Plaintiff's purported assignments are invalid for lack or failure of consideration.

32. Plaintiff's claims are barred, and the Court lacks jurisdiction, because BCBSTX is entitled to immunity to the extent it served as third party administrator of government self-funded plans for the claims at issue.

33. Plaintiff's claims are barred, in whole or in part, to the extent BCBSTX served as third party administrator of self-funded plans for the claims at issue.

34. Plaintiff's claims are barred, in whole or in part, by fraud, illegality, unclean hands, wavier, laches and/or estoppel.

35. Plaintiff's claims are barred, in whole or in part, under the underlying plans to the extent such services were (i) not medically necessity, (ii) experimental, investigational or unproven, and/or (iii) not eligible expenses or covered services thereunder.

36. Plaintiff's claims are barred, in whole or in part, to the extent the underlying plans contain contractual provisions limiting the time during which benefit determinations must be disputed and/or notice must be given to contest or seek correction of a benefit determination.

37. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative and/or contractual remedies.

38. Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover amounts for services allegedly rendered which are unreasonable, including but not limited to services that were (i) not actually performed, (ii) not actually ordered by a licensed healthcare professional, (iii) incorrectly coded on claim forms, or (iv) excessively charged or exceed usual and customary or reasonable charges, (v) not medically necessary, and/or (vi) tainted by improper kickbacks, remuneration, or waived or eliminated cost-sharing obligations, co-pays or coinsurance.

39. Plaintiff's claims are barred, in whole or in part, for the reasons set forth in the provider remittances, explanations of benefits, and/or appeals or correspondence from BCBSTX with respect to the claims at issue, and all other limitations, definitions, exclusions and terms of the underlying plans with respect to the subject claims, including without limitation the patient exceeded the age limit for the service rendered, the procedure or service is not covered by the underlying plan, experimental procedures are not covered, pre-existing conditions are not covered, failure to provide requested information or medical records, maximum benefits were reached, charges exceed Medicare's allowed amount, failure to meet group guidelines, charges eligible for worker's compensation are not

covered, services exceed contracted maximum amounts, services included in payment for other services performed on the same day by same provider, invalid procedure and/or diagnosis codes, untimely claims, failure to obtain preauthorization or precertification, duplicate claims, improper coding, unbundling, charges exceed rental allowance and/or total number of units allowed, services not fall within or exceed scope of license, services not documented in medical records, services rendered after coverage ended, no record of the patient having coverage, incomplete claim, services not documented in patient's medical records, coordination of benefits, charges exceed MSP priced amount, invalid procedure for patient's sex type, and/or charges exceed priced amounts.

40. Plaintiff's claims are barred, in whole or in part, to the extent the underlying plans contain anti-assignment provisions and/or do not provide coverage for out-of-network care or services.

41. Plaintiff's claims are barred, in whole or in part, by failure to mitigate.

42. Plaintiff's claims are barred in whole or in part, by the statute of limitations and/or contractual limitations periods.

43. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to identify the terms of the specific ERISA governed plans that were breached.

44. Plaintiff's claims are barred, in whole or in part, inasmuch as BCBSTX did not abuse its discretion in reaching benefit determinations.

45. To the extent Plaintiff has suffered any damages, which BCBSTX denies, BCBSTX is entitled to equitable recoupment or a set-off against any such damages equal to the amounts overpaid under the terms of the underlying plans.

46. Plaintiff's claims under the Texas Insurance Code are barred because they have been dismissed by Order dated July 28, 2020 [Doc 41].

47. Plaintiff's state law claims with respect to ERISA-governed plans are barred because the Court has dismissed such claims.

48. Plaintiff's claim for denial of a full and fair review under ERISA is barred because it is duplicative of the ERISA benefit claim, and BCBSTX is not a proper party to a Section 503 ERISA claim.

49. Plaintiff is not entitled to a jury trial on ERISA claims for benefits, which are equitable not legal in nature.

50. BCBSTX is entitled to recover it attorneys' fees pursuant to 29 U.S.C. §1132(g), for which it seeks herein.

## CONCLUSION

51. BCBSTX respectfully requests the following relief:

    a. that Plaintiff take nothing by reason of his claims;

    b. that BCBSTX be dismissed with its attorneys' fees and costs; and

    c. that BCBSTX have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated:  August 10, 2020

Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Don Colleluori
Texas Bar No. 04581950
don.colleluori@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile:  (214) 939-2090

**COUNSEL FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 10, 2020, a true and correct copy of the foregoing document was served electronically via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service in this matter, including counsel for Plaintiff.

*/s/ Andrew G. Jubinsky*
Andrew G. Jubinsky